UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RONNIE DANTE THOMAS,

                        Petitioner,                         Case No. 1:24-cv-1351

v.                                             Honorable Ray Kent

MATTHEW MACAULEY,

                         Respondent.

_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2241.[1] Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir.

_____

[1] Although Petitioner brings his action under 28 U.S.C. § 2241, habeas corpus actions brought by "a person in custody pursuant to the judgment of a State court" are governed by 28 U.S.C. § 2254. *Id.* Section 2254 "allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences[.]" *Bailey v. Wainwright*, 951 F.3d 343, 348 (6th Cir. 2020) (Stranch, J., dissenting) (quoting *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)); *see also Rittenberry v. Morgan*, 468 F.3d 331, 336–37 (6th Cir. 2006). As a consequence, Petitioner's filing is subject to all of the requirements that apply to a petition filed under § 2254. Moreover, § 2241 petitions by state prisoners are subject to the rules governing § 2254 petitions. *See* Rule 1(b), Rules Governing § 2254 Cases.

1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

<u>**Discussion**</u>

## I.    **Factual Allegations**

Petitioner is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. In the instant petition, Petitioner challenges his 6–50-year sentence, imposed on June 20, 2006, after he pleaded guilty to armed robbery in the Kent County Circuit Court.[2] *See* https://mdocweb.state.mi.us/ otis2/otis2profile.aspx?mdocNumber=254903 (last visited Jan. 2, 2025). In his petition, Petitioner contends that his guilty plea was obtained in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (Pet., ECF No. 1, PageID.6.) Petitioner alleges that the prosecutor withheld information material to Petitioner's punishment. (*Id.*, PageID.6, 8.)

Petitioner goes on to state that in September of 2024, he submitted a request to the Kent County Circuit Court clerk's office for copies of all records on file pertaining to Petitioner's

---

[2] This sentence is not the only sentence that Petitioner is currently serving. He is also serving a 1–15 year sentence, imposed on March 5, 1997, after he pleaded guilty to second degree home invasion in the Kent County Circuit Court. Moreover, after a jury in the Kent County Circuit Court found Petitioner guilty of armed robbery and carjacking, the court, on November 8, 2005, sentenced Petitioner to concurrent sentences of 20–60 years for the armed robbery and 22–66 years for the carjacking. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=254903 (last visited Jan. 2, 2025). Petitioner has filed numerous habeas petitions challenging his 2005 convictions and sentences, but this is the first habeas petition he has filed challenging his 2006 guilty plea and sentence.

juvenile adjudications. (*Id.*, PageID.7.) After Petitioner received those records, he noted that a transcript from a July 7, 1994, juvenile adjudication proceeding "demonstrates an absence of counsel and waiver of counsel thereto." (*Id.*, PageID.8.) Petitioner also contends that several transcripts indicate that he was never advised of his right to appeal and the right to have appellate counsel appointed. (*Id.*) According to Petitioner, despite those defects, the prosecutor's office used Petitioner's prior juvenile adjudications to "engage the defense in plea negotiations that culminated into a plea agreement" on April 10, 2006. (*Id.*, PageID.8–9.) Petitioner indicates that he did not seek to appeal his conviction and sentence to the Michigan Court of Appeals. (Pet., ECF No. 1, PageID.2.)

Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner did not date his § 2241 petition. The envelope in which he mailed his petition is postmarked December 19, 2024. (Pet., ECF No. 1, PageID.12.) The Court received the petition on December 30, 2024. A prisoner can establish timely filing under the prison mailbox rule by providing other evidence, such as a postmark or date-stamp, indicating timely filing. *See United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016). Here, because Petitioner did not date his petition, the Court will deem December 19, 2024, the postmarked date, to be the date on which Petitioner filed his § 2254 petition.

## II.    Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism

and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### A.    Timeliness Under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In his petition, Petitioner acknowledges that he did not seek to appeal his plea and sentence to the Michigan Court of Appeals. Moreover, public dockets do not reflect any appellate proceedings initiated by Petitioner.

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (stating that the time for filing a petition pursuant to § 2254 runs from "the date

4

on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" (emphasis added)). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).

Under Michigan law, a party who has entered a guilty plea cannot appeal as of right to the Michigan Court of Appeals and instead must seek leave to appeal. *See* Mich. Ct. Rule 7.203(A)(1)(b). A criminal defendant may apply for leave to appeal a final judgment within the later of 6 months after entry of the judgment or 42 days after entry of: (1) an order appointing appellate counsel, (2) the filing of transcripts; (3) an order deciding a timely motion to withdraw plea, motion for directed verdict, motion to correct invalid sentence, or motion for a new trial; or (4) an order regarding a timely motion for reconsideration of one of those four motions. *See* Mich. Ct. Rule. 7.205(A)(2). Here, Petitioner does not provide any indication that the 42-day period would apply. Thus, Petitioner's judgment of conviction became final 6 months after sentence was imposed on June 20, 2006, or on Wednesday, December 20, 2006. Petitioner had one year from that date,[3] until Thursday, December 20, 2007, to file his habeas application. Petitioner filed on December 19, 2024. Obviously, absent tolling, Petitioner filed well more than one year after the time for direct review expired.

---

[3] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

### B.    Statutory Tolling

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner does not reference filing any applications for state post-conviction review. Moreover, as noted above, public dockets do not reflect any appellate proceedings initiated by Petitioner. Thus, at this time, it does not appear that Petitioner is entitled to statutory tolling of the limitations period, and that the limitations period expired on December 20, 2007.

### C.    Equitable Tolling

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner does not raise any arguments regarding equitable tolling. The fact that Petitioner is untrained in the law, is proceeding without an attorney, or may have been unaware of the statute of limitations also does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d

452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen v. Yukins*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Moreover, Petitioner asserts no allegations suggesting that he had been diligently pursuing the records in question since 2006 and was prevented from obtaining them until September 2024. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

### D. Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. "'[A]ctual innocence' is factual innocence." *Bousley v. United States*, 523, U.S. 614, 624 (1998).

In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

As set forth above, Petitioner contends that his guilty plea was obtained in violation of *Brady* because the prosecutor's office used Petitioner's allegedly defective juvenile convictions to engage him in plea negotiations. Petitioner does not describe any new evidence, nor does he proffer

any new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

### E.    Timeliness Under § 2244 (d)(1)(B)–(D)

While Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A), that "subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole . . . judgment, but three others . . . require claim-by-claim consideration." *Pace*, 544 U.S. at 416 n.6. Petitioner provides no assertions that he was impeded from filing his § 2254 petition by State action, nor does he rely upon a new right made retroactively applicable to cases on collateral review. Thus, §§ 2244(d)(1)(B) and 2244(d)(1)(C) do not apply.

Petitioner also does not set forth any facts suggesting that § 2244(d)(1)(D) renders his § 2254 petition timely filed. As set forth above, that subsection provides that the limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Under § 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). "The question under the provision is not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. *Id.* (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294–95 (E.D.N.Y. 1999))." *Id.* "Rather, it is the actual or putative

knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998)).

Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 Fed. Appx. 801, 804 (6th Cir. 2002). Unsupported and conclusory arguments are insufficient to warrant application of § 2244(d)(1)(D). *Redmond*, 295 F. Supp. 2d at 772; *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750-51 (E.D. Mich. 2002) (holding that a petitioner does not show how the factual predicate could not have been discovered earlier if he fails to indicate the steps he took to discover the claims). The key to deciding whether evidence is 'newly discovered' or only 'newly available' is to ascertain when the defendant found out about the information at issue." *United States v. Turns*, 198 F.3d 584, 587 (6th Cir. 2000).

As noted above, Petitioner suggests that he did not receive the records of his juvenile adjudications until September of 2024. Petitioner, however, fails to explain why he needed to wait until receipt of those records to raise his claim suggesting that his guilty plea was obtained in violation of *Brady*. Certainly, Petitioner himself was aware at the time of his juvenile adjudications if he did not have the benefit of counsel at those proceedings. Likewise, Petitioner himself was certainly aware at the time of those adjudications that he had not been advised of his right to appeal.

Notably, this is not the first time Petitioner has attempted to rely upon information concerning his juvenile adjudications to overcome the limitations bar. In 2013, Petitioner filed a § 2254 petition challenging his convictions for armed robbery and carjacking following a jury trial

in the Kent County Circuit Court. In that petition, Petitioner argued that at sentencing, his juvenile adjudications "were unconstitutionally considered because, at the time of his juvenile convictions, Petitioner was unrepresented, was not advised of his right to counsel, and was not advised of his right to appeal, in violation of his Fourteenth and Sixth Amendment rights to due process and the effective assistance of counsel." *Thomas v. Hoffner*, No. 1:13-cv-702, 2014 WL 670856, at *3 (W.D. Mich. Feb. 20, 2014). Magistrate Judge Brenneman recommended that Petitioner's petition be dismissed as untimely. *Id.* Petitioner objected, arguing that he was entitled to equitable tolling because "only recently was he able to obtain certain records of the juvenile court proceedings used to enhance the sentence." *Id.* at *2. The Court rejected Petitioner's argument, concluding that Petitioner was aware of the lack of representation in his juvenile adjudications as early as 2005, "regardless of access to other juvenile records." *Id.*

In light of the foregoing, it appears that Petitioner was in possession of the information regarding his juvenile convictions well before September of 2024, when he obtained records from the Kent County Clerk's office. In light of that fact, the Court cannot conclude at this time that Petitioner is entitled to belated commencement of the limitations period under § 2244(d)(1)(D).

In sum, based on the allegations set forth in the petition, by December 20, 2007, the limitations period had expired. Petitioner offers no basis for statutory tolling, equitable tolling, or avoidance of the state of limitations bar because of actual innocence. Moreover, as set forth above, Petitioner has not demonstrated entitlement to belated commencement of the limitations period at this time.

## **Conclusion**

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*,

10

547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will

allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

      An order consistent with this opinion will be entered.


Dated:   January 24, 2025              /s/ Ray Kent
                                                 Ray Kent
                                                 United States Magistrate Judge