UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RONNIE DANTE THOMAS,

        Petitioner,             Case No. 1:24-cv-1351

v.                                     Honorable Jane M. Beckering

MATTHEW MACAULEY,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2241.[1] As part of a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases, the Court noted that it appeared that Petitioner had failed to timely file his petition. (Op., ECF No. 8.) The Court therefore entered an order directing Petitioner to show cause within 28 days why his petition should not be dismissed as untimely. (Order, ECF No. 9.) The Court received Petitioner's response (ECF No. 10) on February 3, 2024.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C.

---

[1] Although Petitioner brings his action under 28 U.S.C. § 2241, habeas corpus actions brought by "a person in custody pursuant to the judgment of a State court" are governed by 28 U.S.C. § 2254. *Id.* Section 2254 "allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences[.]" *Bailey v. Wainwright*, 951 F.3d 343, 348 (6th Cir. 2020) (Stranch, J., dissenting) (quoting *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)); *see also Rittenberry v. Morgan*, 468 F.3d 331, 336–37 (6th Cir. 2006). As a consequence, Petitioner's filing is subject to all of the requirements that apply to a petition filed under § 2254. Moreover, § 2241 petitions by state prisoners are subject to the rules governing § 2254 petitions. *See* Rule 1(b), Rules Governing § 2254 Cases.

§ 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may also *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).

After reviewing Petitioner's response, the Court concludes that Petitioner has not shown cause why his petition should not be dismissed as untimely. Accordingly, the Court will dismiss Petitioner's petition with prejudice as untimely.

## Discussion

### I.   Factual Allegations

Petitioner Ronnie Dante Thomas is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. In the instant petition, Petitioner challenges his 6–50-year sentence, imposed on June 20, 2006, after he pleaded guilty to armed robbery in the Kent County Circuit Court.[2] *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=254903 (last visited Feb. 4, 2025). In his petition, Petitioner contends that his guilty plea was obtained in violation of *Brady v. Maryland*,

---

[2] This sentence is not the only sentence that Petitioner is currently serving. He is also serving a 1–15 year sentence, imposed on March 5, 1997, after he pleaded guilty to second degree home invasion in the Kent County Circuit Court. Moreover, after a jury in the Kent County Circuit Court found Petitioner guilty of armed robbery and carjacking, the court, on November 8, 2005, sentenced Petitioner to concurrent sentences of 20–60 years for the armed robbery and 22–66 years for the carjacking. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=254903 (last visited Feb. 4, 2025). Petitioner has filed numerous habeas petitions challenging his 2005 convictions and sentences, but this is the first habeas petition he has filed challenging his 2006 guilty plea and sentence.

373 U.S. 83 (1963). (Pet., ECF No. 1, PageID.6.) Petitioner alleges that the prosecutor withheld information material to Petitioner's punishment. (*Id.*, PageID.6, 8.)

Petitioner goes on to state that in September of 2024, he submitted a request to the Kent County Circuit Court clerk's office for copies of all records on file pertaining to Petitioner's juvenile adjudications. (*Id.*, PageID.7.) After Petitioner received those records, he noted that a transcript from a July 7, 1994 juvenile adjudication proceeding "demonstrates an absence of counsel and waiver of counsel thereto." (*Id.*, PageID.8.) Petitioner also contends that several transcripts indicate that he was never advised of his right to appeal and the right to have appellate counsel appointed. (*Id.*) According to Petitioner, despite those defects, the prosecutor's office used Petitioner's prior juvenile adjudications to "engage the defense in plea negotiations that culminated into a plea agreement" on April 10, 2006. (*Id.*, PageID.8–9.) Petitioner indicates that he did not seek to appeal his conviction and sentence to the Michigan Court of Appeals. (Pet., ECF No. 1, PageID.2.)

Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner did not date his § 2241 petition. The envelope in which he mailed his petition is postmarked December 19, 2024. (Pet., ECF No. 1, PageID.12.) The Court received the petition on December 30, 2024. A prisoner can establish timely filing under the prison mailbox rule by providing other evidence, such as a postmark or date-stamp, indicating timely filing. *See United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016). Here, because Petitioner did not date his petition, the Court will deem December 19, 2024, the postmarked date, to be the date on which Petitioner filed his § 2254 petition.

## II. Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### A. Timeliness Under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In his petition, Petitioner acknowledges that he did not seek to appeal his plea and sentence to the Michigan Court of Appeals. Moreover, public dockets do not reflect any appellate proceedings initiated by Petitioner.

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (stating that the time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" (emphasis added)). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).

Under Michigan law, a party who has entered a guilty plea cannot appeal as of right to the Michigan Court of Appeals and instead must seek leave to appeal. *See* Mich. Ct. Rule 7.203(A)(1)(b). A criminal defendant may apply for leave to appeal a final judgment within the later of 6 months after entry of the judgment or 42 days after entry of: (1) an order appointing appellate counsel, (2) the filing of transcripts; (3) an order deciding a timely motion to withdraw plea, motion for directed verdict, motion to correct invalid sentence, or motion for a new trial; or (4) an order regarding a timely motion for reconsideration of one of those four motions. *See* Mich. Ct. Rule. 7.205(A)(2). Here, Petitioner does not provide any indication that the 42-day period would apply. Thus, Petitioner's judgment of conviction became final 6 months after sentence was imposed on June 20, 2006, or on Wednesday, December 20, 2006. Petitioner had one year from that date,[3] until Thursday, December 20, 2007, to file his habeas application. Petitioner filed on

---

[3] The Sixth Circuit confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

December 19, 2024. Obviously, absent tolling, Petitioner filed well more than one year after the time for direct review expired.

### B.  Statutory Tolling

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner does not reference filing any applications for state post-conviction review. Moreover, as noted above, public dockets do not reflect any appellate proceedings initiated by Petitioner. Thus, at this time, it does not appear that Petitioner is entitled to statutory tolling of the limitations period, and that the limitations period expired on December 20, 2007.

### C.  Equitable Tolling

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner does not raise any arguments regarding equitable tolling. The fact that Petitioner is untrained in the law, is proceeding without an attorney, or may have been unaware of the statute of limitations also does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen v. Yukins*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Moreover, Petitioner offers no factual allegations to support an inference that he had been diligently pursuing the records in question since 2006 and was prevented from obtaining them until September 2024. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

### D. Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. "'[A]ctual innocence' is factual innocence." *Bousley v. United States*, 523, U.S. 614, 624 (1998).

In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In his response, Petitioner contends that he is actually innocent based upon two alleged pieces of new evidence: (1) a July 7, 1994, juvenile adjudication that was "procured without counsel or [waiver] of the right thereto, which the Kent [County] Prosecutor's Office used to procure a guilty plea"; and (2) information from Petitioner's presentence investigation report (PSIR) from the offense of conviction suggesting that the victim and her husband "procured an $11,388.80 claim form the Auto Club Insurance Association immediately after the instant offense." (ECF No. 10, PageID.43.)

Critically, a showing of actual innocence must be based on "new reliable evidence— whether it be exculpatory scientific evidence, trustworthy accounts, or critical physical evidence— that was not presented at trial." *Schlup*, 514 U.S. at 324. Here, however, the evidence that Petitioner offers is not "new." Certainly, at the time of his guilty plea, Petitioner was aware of the fact that he did not have counsel or waive his right to counsel at his July 7, 1994, juvenile adjudication proceedings. *See Connolly v. Howes*, 304 F. App'x 312, 418 (6th Cir. 2008).

With respect to Petitioner's evidence regarding the insurance claim, Petitioner contends that "no juror acting reasonably would have voted to find Petitioner guilty beyond a reasonable doubt." (ECF No. 10, PageID.44.) Petitioner sets forth that the suspect hit the victim in the temple with "a big black handgun," but that the victim refused to go to the hospital. (*Id.*) Petitioner suggests that the victim's refusal of medical attention alone "cast[s] substantial doubt" and leads one to question the victim's "narrative of the incidents." (*Id.*)

Petitioner goes on to state that his DNA and fingerprints were not found on the duct tape that was placed around the victim's head, and that Petitioner was never identified as the person Sharnett Bell claimed to see exit the victim's apartment. (*Id.*, PageID.44–45.) Petitioner also mentions that he was wearing different clothing than the clothing Bell described the suspect

8

wearing when he was stopped by law enforcement. (*Id.*, PageID.45.) Petitioner avers that the victim participated in an "improper and unnecessarily suggestive" identification procedure two years after the incident. (*Id.*, PageID.46.) Petitioner further notes that the victim's written statement describing the incident "is materially different than what was conveyed to [O]fficer Hill." (*Id.*) Petitioner also contends that the victim relied upon the police report "as a means to procure [an] $11,388.30 insurance claim." (*Id.*, PageID.50.)

In support of these arguments, Petitioner has attached to his response a copy of Officer Hill's Incident Report Form, a copy of a follow-up investigation conducted by Mark Worch, a copy of the victim's written statement, and a copy of Petitioner's PSIR. These documents, however, date to 2004 and 2006 and, therefore, were certainly available at the time Petitioner entered his guilty plea. Moreover, the PSIR indicates that information concerning the insurance claim was contained in the prosecutor's file. (ECF No. 10-1, PageID.68.) Even though Petitioner suggests that the prosecutor did not convey that information to the defense, the fact remains that such information is not "new." It was all available to Petitioner at the time of his guilty plea and sentencing. *See Connolly*, 304 F. App'x at 418.

In sum, although Petitioner contends that he is actually innocent of the offense of conviction, he does not provide any new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *See Schlup*, 513 U.S. at 327, 329. Instead, Petitioner's proffer of "new" evidence consists only of his version of events and his perspectives on the inconsistencies between the police report and the victim's written statement, both of which were available to Petitioner at the time he entered his guilty plea. Because Petitioner has wholly failed to provide new evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

### E. Timeliness Under § 2244 (d)(1)(B)–(D)

While Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A), that "subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole . . . judgment, but three others . . . require claim-by-claim consideration." *Pace*, 544 U.S. at 416 n.6. In his response, Petitioner does not rely upon a new right made retroactively applicable to cases on collateral review. Thus, § 2244(d)(1)(C) does not apply. Instead, Petitioner contends that he is entitled to belated commencement under § 2244(d)(1)(B) or, alternatively, § 2244(d)(1)(D). The Court considers each in turn below.

#### 1. Section 2244(d)(1)(B)

Petitioner argues that he is entitled to belated commencement under § 2244(d)(1)(B) because the prosecution committed a *Brady* violation by failing to disclose four of Petitioner's prior juvenile adjudications to the defense. (ECF No. 10, PageID.41.) Petitioner contends that the State relied upon these adjudications "to negotiate a plea bargain," but that all of the adjudications were obtained "without counsel or proper waiver of the right thereto." (*Id.*) According to Petitioner, in 2006, the Kent County Clerk's Office informed an investigator that Petitioner's juvenile file was no longer available when the investigator asked for purposes of preparing Petitioner's PSIR. (*Id.*) Petitioner argues that he did not learn about the defects in his juvenile adjudications until September 2024, and that the Clerk's Office's "misrepresentation, misinformation, and marginal competence relative to its file retention process" operated 'as an impediment in every respect (fraud on the Court) wilful[l] or inadvertent." (*Id.*, PageID.42.)

As set forth *supra*, § 2244(d)(1)(B) allows belated commencement of the limitations period from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Under this section, a petitioner must show

10

"a causal relationship between the unconstitutional state action and being prevented from filing the petition." *Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003) (quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001)). Thus, the petitioner must "allege facts that establish that he was so inhibited by the state's action that he was unable to file and state a legal cause of action before the limitations period expired." *Winkfield*, 66 F. App'x at 583.

Here, Petitioner has not made that requisite showing. Even if Petitioner was led to believe that the Clerk's Office no longer had his juvenile adjudications file, Petitioner wholly fails to explain why he could not file the instant habeas petition until he had the juvenile adjudication records in hand when he himself would certainly have been aware whether he had counsel at his juvenile adjudications or whether he had waived that right. Notably, the portion of the PSIR that Petitioner has attached to his response indicates that the investigator who prepared the 2006 PSIR reviewed a prior PSIR report to obtain information regarding Petitioner's juvenile record. (ECF No. 10-1, PageID.68.) The portion of the PSIR that Petitioner has provided indicates that in 1993, Petitioner was made a temporary ward of the court and placed on probation. (*Id.*) In the "Attorney Present" box, the investigator noted "Waived." (*Id.*) Thus, as of 2006, Petitioner was certainly on notice that at least one of his juvenile adjudications had been obtained without the presence of counsel and could have filed a habeas petition challenging his guilty plea on that basis at that time.

Based on the foregoing, the Court cannot agree with Petitioner that he is entitled to belated commencement of the limitations period under § 2244(d)(1)(B) based upon his alleged *Brady* claim. As noted above, Petitioner avers that if the Court "somehow disagrees with the Petitioner's position relative to section 2244(d)(1)(B), the one-year statutory time in the instant case can be tolled until Sept. 2024 under section 2244(d)(1)(D)." (ECF No. 10, PageID.42.) The Court considers Petitioner's argument regarding that section below.

11

      **2.**    **Section 2244(d)(1)(D)**

Petitioner suggests that he is also entitled to belated commencement under § 2244(d)(1)(D) because of the prosecution's alleged *Brady* violation that occurred when the records of Petitioner's juvenile adjudications were withheld. (ECF No. 10, PageID.42–43.) Specifically, Petitioner avers that "the factual predicate for the instant *Brady* claim could not have been discovered with the exercise of due diligence taking into account the conduct (as conveyed by Agent Rix via PSIR) of the Kent [County Clerk's] Office." (*Id.*, PageID.43.)

Section 2244(d)(1)(D) provides for belated commencement of the limitations period on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Under § 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). "The question under the provision is not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. *Id.* (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294–95 (E.D.N.Y. 1999))." *Id.* "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998)).

Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 Fed. Appx. 801, 804 (6th Cir. 2002). Unsupported and conclusory arguments are insufficient to warrant application of § 2244(d)(1)(D). *Redmond*, 295 F. Supp. 2d at 772; *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750-51 (E.D. Mich. 2002) (holding that a petitioner does not show how the factual predicate could not have been discovered earlier if he fails to indicate the steps he took to discover the claims). The key to deciding whether evidence is 'newly discovered' or only 'newly available' is to ascertain when the defendant found out about the information at issue." *United States v. Turns*, 198 F.3d 584, 587 (6th Cir. 2000).

As noted above, Petitioner suggests that he did not receive the records of his juvenile adjudications until September of 2024. However, Petitioner's reliance on § 2244(d)(1)(D) fails for the same reasons the Court has concluded Petitioner is not entitled to belated commencement under § 2244(d)(1)(B). Again, certainly, Petitioner himself was aware at the time of his juvenile adjudications if he did not have the benefit of counsel at those proceedings. Moreover, as noted above, the portion of the 2006 PSIR that Petitioner has provided indicates that for a juvenile adjudication in 1993, Petitioner waived his right to counsel. (ECF No. 10-1, PageID.68.) Again, therefore, as of 2006, Petitioner was certainly on notice that at least one of his juvenile adjudications had been obtained without the presence of counsel and could have filed a habeas petition challenging his guilty plea on that basis at that time. Petitioner simply fails to explain why he needed to wait until receipt of the records he received in September of 2024 to raise his claim that his guilty plea was obtained in violation of *Brady*. Accordingly, the Court cannot agree with

13

Petitioner that he is entitled to belated commencement of the limitations period under § 2244(d)(1)(D).[4]

In sum, the limitations period expired as of December 20, 2007, and Petitioner has failed to show cause to excuse the tardy filing of his § 2254 petition. The Court, therefore, will issue a judgment dismissing the petition with prejudice.

## III.    Certificate of Appealability

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that

---

[4] As an aside, Petitioner's reliance upon §§ 2244(d)(1)(B) and (D) to argue for belated commencement of the limitations period until September of 2024 is somewhat disingenuous given that this is not the first time Petitioner has raised this exact argument regarding his juvenile adjudications to attempt to overcome the limitations bar. In 2013, Petitioner filed a § 2254 petition challenging his convictions for armed robbery and carjacking following a jury trial in the Kent County Circuit Court. In that petition, Petitioner argued that at sentencing, his juvenile adjudications "were unconstitutionally considered because, at the time of his juvenile convictions, Petitioner was unrepresented, was not advised of his right to counsel, and was not advised of his right to appeal, in violation of his Fourteenth and Sixth Amendment rights to due process and the effective assistance of counsel." *Thomas v. Hoffner*, No. 1:13-cv-702, 2014 WL 670856, at *3 (W.D. Mich. Feb. 20, 2014). Magistrate Judge Brenneman recommended that Petitioner's petition be dismissed as untimely. *Id.* Petitioner objected, arguing that he was entitled to equitable tolling because "only recently was he able to obtain certain records of the juvenile court proceedings used to enhance the sentence." *Id.* at *2. The Court rejected Petitioner's argument, concluding that Petitioner was aware of the lack of representation in his juvenile adjudications as early as 2005, "regardless of access to other juvenile records." *Id.*

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely. It is filed more than one year after the underlying judgment became final and he offers neither reason nor excuse why it is late. Therefore, a certificate of appealability will be denied. Moreover, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order denying a certificate of appealability and a judgment dismissing the petition with prejudice as untimely.

Dated:   February 6, 2025

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge